■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL SCOTT, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered April 6, 1988, convicting defendant, after a jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [1]) and two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and sentencing him to two indeterminate terms of imprisonment of from 25 years to life, and two indeterminate terms of from 8⅓ to 25 years, all to run consecutively, unanimously affirmed.

Defendant was employed by two of the victims and worked with the other two victims in a fast-food establishment until he was fired after a fight with one of the victim co-workers. Three weeks later, on Monday, September 15, 1986, defendant telephoned, demanding money which he claimed he was owed. Apparently displeased with having been told to come by on Friday, defendant returned that afternoon and shot the four victims, killing two and wounding the other two.

After the shootings, defendant fled, setting off a manhunt that reached as far as Virginia and North Carolina. Three months later, the police, responding to a tip, returned to his apartment and, following a hostage crisis in which defendant held his own family for several hours, took defendant into custody. At trial, defendant took the stand and admitted having had the fight with his co-worker, but denied having been involved in the shootings or even being at the establishment on that day.

On appeal, defendant contends that he was denied due process by the court's ruling pursuant to *People v Sandoval* (34 NY2d 371) which permitted inquiry into the facts underlying defendant's prior attempted robbery with a gun. We reject this claim, and hold that the trial court properly exercised its

broad discretion in this regard. *(See, People v Bennette,* 56 NY2d 142, 147-148.) The evidence was probative of defendant's willingness to place his interests above those of society, and concerned a crime of theft, which is of particular relevance on the issue of credibility. *(People v Sandoval, supra,* at 377.) Further, we are not persuaded, given the circumstances presented, that the common element of defendant's use of a gun posed a risk of undue prejudice.

Likewise, we conclude that the trial court properly exercised its sound discretion in admitting, as an exception under *People v Molineux* (168 NY 264, 293), the evidence of defendant's fight with his co-worker, which resulted in his discharge. *(See, People v Alvino,* 71 NY2d 233, 242.) This evidence was relevant as to motive.

Finally, we reject defendant's argument that the trial court abused its discretion in sentencing him. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.