■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETTON DeLOATCH, Appellant.—Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered October 31, 1988, convicting defendant, after a jury trial, of robbery in the second degree and assault in the second degree and sentencing him to concurrent terms of imprisonment of from 3 to 9 years and one year, respectively, is unanimously affirmed.

This case arose out of a mugging in which defendant trapped the victim in the vestibule of the victim's building, stole $450, and proceeded to beat the victim repeatedly. The victim followed defendant a short distance and alerted the police, who transmitted defendant's description resulting in his immediate apprehension and identification. Police testimony established the victim's swollen eye and several bruises across his body.

Defendant testified that he was waiting outside the locked door to the building, where he was going to meet his cousin, a building resident. He intended to gain access when another resident entered, since he did not know his cousin's apartment number. Defendant testified that when the victim entered, the victim provoked the confrontation by hitting defendant in the eye, and defendant responded by hitting back, only once.

At the close of defendant's case, counsel requested that defendant be permitted to call his mother to testify, to establish that the cousin, in fact, had resided in the building on the day in question. This application was denied.

The court did not abuse its discretion in deciding to bar the witness. The People never controverted that defendant's cousin lived in the victim's building. Even if defendant could establish the cousin's residence therein by additional and essentially cumulative testimony, the relevance of this evidence to the robbery and assault is marginal. In light of the overwhelming evidence of guilt, it cannot be concluded that the ruling affected the verdict.

Defendant's *Sandoval* claim *(People v Sandoval,* 34 NY2d 371) is meritless. The prior misdemeanor conviction for fare-beating, the underlying facts of which were actually brought out by defendant himself on direct examination, was a crime of theft, relevant to veracity *(see, People v Scott,* 160 AD2d 262) and probative of defendant's willingness to place his interests ahead of society's *(see, People v Johnson,* 141 AD2d 848).

Defendant's challenges to the prosecutor's summation are unpreserved as a matter of law by specific objection (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642), and we decline to review in the interest of justice. In any event, were we to review defendant's claims in this regard, we would find them to be without merit.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.