■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered March 24, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the finding that he was present during the robbery for which he was convicted and that he acted in concert with his codefendants in committing the robbery are against the weight of the credible evidence. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo*, 44 AD2d 86, 88). The inconsistencies present in the testimony of the three eyewitnesses to the robbery were relatively minor, and thus the jury's determination to credit their testimony is supported by the record. Similarly supported by the record is the determination to credit the eyewitness testimony to the effect that, when called upon to do so by his codefendant, the defendant reached toward his waistband and displayed what appeared to be a gun. Thus, the finding that the defendant acted in concert with his codefendant is not against the weight of the credible evidence. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Also without merit is the defendant's contention that the trial court erred in denying his motion for a mistrial on the basis that the jury may have observed him while in handcuffs.

While the defendant was inadvertently permitted to sit at the defense table in handcuffs when the jury reentered the courtroom, this episode lasted for a very brief period of time, during which the defendant's hands remained under the table, and the court's discreet inquiry revealed that apparently none of the jurors observed the handcuffs. Thus, the defendant's motion for a mistrial on this basis was properly denied (see, People v Harper, 47 NY2d 857; People v Roman, 35 NY2d 978; People v Walker, 139 AD2d 546; People v Soltis, 137 AD2d 732).

We have examined the defendant's remaining contentions and similarly find them to be without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.