■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SKYE, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's motion to dismiss the indictment on the ground that the prosecutor stated, in response to a grand juror's question, that a Sheriff's deputy knew defendant from "other burglaries." The prosecutor's response, while improper and inappropriate, did not infect the Grand Jury proceeding to the point that its "integrity [was] impaired" (CPL 210.35 [5]; 210.20 [1] [c]; *People v Darby,* 75 NY2d 449, 454-455; *People v Calbud, Inc.,* 49 NY2d 389, 395-396).

We reject defendant's contention that the trial court failed to make sufficient inquiry into defendant's request for new counsel and thereby deprived him of the effective assistance of counsel. The court asked defendant to give the reasons for his request for new counsel and afforded him a reasonable opportunity to support his claim of ineffective assistance of counsel *(see, People v Rodriguez,* 126 AD2d 580, 581, *lv denied* 69 NY2d 954; *cf., People v Sides,* 75 NY2d 822). Defendant's criticism of his attorney was general in nature and centered on his disagreement regarding matters of strategy. Defendant proffered no serious complaints about his attorney. Under those circumstances, the court's inquiry was sufficient and it cannot be said that the court abused its discretion in denying defendant's request for new counsel *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v Medina,* 44 NY2d 199).

Finally, the sentence imposed was not harsh and excessive. (Appeal from judgment of Niagara County Court, DiFlorio, J. —burglary, third degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.