■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PUGH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court committed reversible error by precluding the testimony of two witnesses favorable to the defense. We disagree. Christopher Isaacs testified for the defendant that Russell Hawkins, rather than defendant, was the driver of the vehicle that left the scene of the accident. On cross-examination the prosecutor impeached Isaacs' testimony with his prior statements to the police and Grand Jury testimony that defendant was the

driver of the vehicle. On redirect Isaacs testified that his prior statements to the police and Grand Jury testimony were untrue and that they were the result of police threats, intimidation and coercion. Defense counsel then sought to introduce the testimony of Judith Caley and Raymond Pugh to support Isaacs' claims concerning the police threats and coercion. The court precluded this evidence because it was collateral.

Since this extrinsic evidence was not presented to impeach the credibility of the People's witnesses or show that they had a reason to fabricate their testimony but, rather, to bolster the credibility of defendant's witness Isaacs, it was collateral and properly excluded (cf., People v Hudy, 73 NY2d 40, 56-58). The trial court did not abuse its discretion by prohibiting the introduction of extrinsic evidence on the collateral issues of Isaacs' credibility and possible police coercion because it might have unduly confused the issues for jury determination (see generally, People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846; People v Sorge, 301 NY 198).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Drury, J.—leaving scene of accident.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.