OPINION OF THE COURT
Donald J. Mark, J.
The defendant in the first action was charged with murder, second degree, and assault, second degree. During the trial the *701 People produced a witness who testified that while he and the defendant were together in a detention cell on unrelated charges, the defendant admitted to him that he participated in the two charged crimes. Later during the trial the prosecutor offered the testimony of a Deputy Sheriff to the effect that the witness and the defendant were in fact in the same detention cell at the time testified to by the witness. The defendant objected that such testimony would be impermissible bolstering.[1]
The defendant in the second action was charged with assault, first degree. During the trial the complainant and the treating surgeon testified in detail as to the facial injuries that the complainant had sustained. Two photographs of the complainant depicting facial damage and the complainant’s hospital record were also received into evidence. When the prosecutor called a third witness who was prepared to testify to her observations of the complainant’s face shortly after the assault, this defendant likewise objected upon the ground of bolstering.[2]
Both objections in both trials were overruled.
Because of the superficial plausibility of these objections and because of the misuse by counsel of this objection, this decision will explain the correct application of the "bolstering” objection.
Generally the testimony of a witness may not be corroborated by evidence of a prior consistent statement made by him before trial as this violates the rule against "bolstering” (see, People v Ramos, 70 NY2d 639). The reason for this rule is that such evidence is hearsay and is inadmissible unless an exception can be found (see, People v Huertas, 75 NY2d 487).
The "bolstering” objection comes into play mostly in identification situations. Thus, where a police officer testified he arrested the defendant after a witness to the incident identified the defendant as the perpetrator, that was improper bolstering (People v Holt, 67 NY2d 819). Such a predicate also accounts for the most familiar exception, the statutory one *702 created by CPL 60.30[3] which permits "a witness who has previously identified the defendant under constitutionally unexceptionable circumstances to testify to the earlier identification” (People v Huertas, supra, at 493). Thus, it was not improper bolstering where a witness upon the retrial of the defendant testified that he had identified the defendant as the robber at the first trial (People v White, 73 NY2d 468, cert denied 493 US 859).[4]
However, the bolstering objection is not limited to identification testimony alone. There are other instances where this objection may be properly employed. For example, a defendant who testified he justifiably shot two armed men could not bolster his testimony by introducing into evidence his postarrest statement to that effect (People v Ramos, supra); a defendant could not bolster an impeached defense witness’ claim that his prior inconsistent statements were coerced by the police by producing other witnesses to testify to such coercion (People v Pugh, 168 AD2d 906); the People could not bolster the victim’s version of the incident which conflicted with the defendant’s version by offering into evidence the tape of the victim’s "911” call (People v Nicholson, 168 AD2d 574); the prosecution improperly bolstered the victim’s testimony by eliciting testimony from the emergency room physician as to the identity of the victim’s assailant as related to her by the victim (People v Tarver, 161 AD2d 1162); and the cooperation agreement of a government witness pursuant to which the witness’ testimony was obtained may constitute bolstering (People v Cherry, 161 AD2d 185).
Examples of what appear to be bolstering but are not so construed by the courts may be found in People v Huertas (supra), where the complainant was permitted to testify to a description of her assailant which she gave to the police after the incident;[5] People v Torre (42 NY2d 1036), where a witness’ Grand Jury testimony consistent with his trial testimony was held not to be bolstering after he had been impeached with *703 inconsistent Grand Jury testimony;[6] and People v Ely (164 AD2d 442), where after a witness testified he had seen the defendant and H. together, it was not bolstering when a police officer testified that subsequent to his conversation with the witness he interviewed H. rejecting the defendant’s argument that the clear implication was that the witness told the officer he had seen the defendant and H. together.[7]
Therefore, the rule that emerges from the case law is that impermissible "bolstering” occurs when evidence, be it testimonial or documentary, is presented which tends to demonstrate that the witness’ testimony at trial is accurate, because the witness made a statement identical to his trial testimony prior to trial[8]
[9]or engaged in conduct consistent with his trial testimony prior to trial,[6] unless an exception can be found for its admission.
Since the proffered testimony in these two actions did not fit into this category, the two objections on the ground of "bolstering” were properly overruled.

. In an analogous situation but under slightly different circumstances it was held that a trial court in its discretion could bar such testimony as cumulative (People v DeLoatch, 161 AD2d 494).

. There appears to be no blanket prohibition against more than one witness testifying on the same issue (see, People v Bennett, 161 AD2d 773), but there may be a limit on the number of witnesses who may give identical testimony (see, People v Rice, 75 NY2d 929, 931, n).

. CPL 60.25 likewise formulated an exception which under certain conditions permitted a second witness to testify to the first witness’ pretrial identification of the defendant.

. Another common exception is where the testimony of the witness has been assailed as a "recent fabrication” (People v McClean, 69 NY2d 426, 428).

. This testimony was not bolstering, because it was admitted for the nonhearsay purpose of enabling a jury to evaluate the witness’ opportunity to observe and the reliability of her memory.

. This testimony was not bolstering, because when only part of a statement is drawn out on cross-examination, the other part may be introduced on redirect examination to explain or clarify that statement.

. This testimony was not bolstering, because it was only an inference that the officer was influenced to interview H. by what the witness told him; the trial court admitted it to show the chain of events.

. People v Trowbridge (305 NY 471, 475) explained the reason for this rule to be that " 'it is obviously a mistake to suppose that an untrustworthy story can be made trustworthy by proving numerous repetitions of it’ ”.

. An example of this would be People v Pugh (168 AD2d 906, supra).