■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDIE MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 20, 1987, convicting him of assault in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's main contention on this appeal is that he did not receive a fair trial because of a juror's misconduct during deliberations. In moving to set aside the verdict, it was alleged that juror number 11, Joseph Plotter, had spoken with a friend who told him that the defendant was "crazy" and had "been in a whole lot of trouble before", which he, in turn, told the other jurors on the panel. A post-trial hearing was conducted at which time each juror, including number 11, was questioned carefully by the court and the two attorneys.

Plotter admitted that he had telephoned a friend after the

defendant testified that he once worked for a catering business. Plotter believed that his friend used to make deliveries to the same catering business, and was therefore well acquainted with the defendant. He called his friend because he felt it would be impossible for him to deliberate in good conscience if his friend knew the defendant. According to Plotter, he intended to ask the court to excuse him from the jury if he learned anything about the defendant, good or bad, but his friend advised him that the defendant was not the same person who worked at the catering business where the friend used to make deliveries. Additionally, Plotter testified that he did not feel that he had violated the court's admonition not to discuss the case with anyone because he and his friend never discussed any details about the case. Since he did not learn anything about the defendant from his friend, Plotter felt that his verdict was based solely on what he heard in the courtroom and he did not believe it was necessary for him to ask to be excused from the jury.

After the guilty verdict was announced, Plotter observed that several of the other jurors were visibly upset, and he wanted to do something to "relieve their pain, their anguish". Accordingly, he decided to tell the other jurors that he had spoken to his friend and learned that the defendant was no good; however, he never communicated this alleged information to the other jurors before the verdict.

Ten of the other eleven panelists on the jury testified that they had heard Plotter's comments and confirmed that the comments were made after the verdict was announced. The last panelist indicated that she did not hear Plotter make any comments about the defendant, either before or after the verdict, as she promptly left the deliberating room after being released by the court. Each of the jurors, including Plotter, testified unequivocally that his or her verdict was based solely on the evidence adduced at trial. The trial court denied the motion to set aside the verdict, and we now affirm.

The Trial Judge is vested with broad discretion in ruling on the issue of juror prejudice (see, People v Genovese, 10 NY2d 478, 482). Here, the trial court, in conjunction with both the prosecutor and defense counsel, conducted a thorough and probing inquiry of each juror, and concluded that the verdict was based solely on the evidence adduced at trial (see, People v Costello, 104 AD2d 947, 948). Under the circumstances, it cannot be said, as a matter of law, that the trial court abused its discretion by denying the defendant's motion to set aside the verdict. In addition, we find no basis to substitute our

discretion for that of the Trial Judge (see, People v Testa, 61 NY2d 1008, 1010).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.