■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DEFREECE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered December 21, 1989, convicting him of sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that the Grand Jury proceedings were tainted by the allegedly perjured testimony of one of the complainants. CPL 210.35 (5) provides that

"[a] grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *

"[t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety *to such degree that the integrity thereof is impaired and prejudice to the defendant may result"* (emphasis supplied).

The defendant's argument that the recantation by Todd C. of his testimony before the Grand Jury tainted the indictment proceedings and required dismissal of the indictment is without merit. There is nothing in the record to indicate that there was a knowing use of perjured testimony by the prosecutor *(see, People v Hutson,* 157 AD2d 574). Moreover, since the events involving the two victims were separate and the Grand Jury had to investigate and vote upon the facts involving each count on its own merits, this case does not satisfy the statute's requirement of "impairment of integrity" of the Grand Jury process and qualify for the exceptional remedy of dismissal of the indictment *(see, People v Darby,* 75 NY2d 449, 455; *People v Skye,* 167 AD2d 892). Furthermore, since nothing was presented to the Grand Jury to indicate that Todd C. was a witness to the sexual abuse of Jessica C., his testimony had

no bearing upon the evidence regarding those charges involving the defendant's abuse of her. In any event, the determination of the Grand Jury that there was sufficient evidence to indict was confirmed by the petit jury, which convicted the defendant despite hearing absolutely no evidence of the other crimes which were the subject of Todd C.'s recanted testimony. Thus, the defendant has not satisfied the second prong of the test by demonstrating the possibility of prejudice created by the recanted testimony (see, People v Hutson, supra, at 574-575; People v Collins, 154 AD2d 901, 902).

Viewing the evidence adduced at trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that the defendant engaged in deviate sexual intercourse consisting, inter alia, of contact between his mouth and the vulva of Jessica C., a person less that 11 years old. The defendant contends that the testimony offered by Jessica C., being neither logical nor coherent, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (see, People v Balls, 69 NY2d 641, 642) or without merit (see, People v Suitte, 90 AD2d 80, 88-89). Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.