■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND LEGISTER, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 29, 1990, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana, under Indictment Number 12847/88, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered June 29, 1990, convicting him of criminal sale of a controlled substance in the fifth degree, under Indictment Number 11959/89, upon his plea of guilty, and imposing sentence. The appeal under Indictment Number 12847/88 brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The defendant was charged with multiple counts of possession, *inter alia,* of controlled substances and narcotics paraphernalia, recovered after a police raid of a suspected crack distribution site. The appeal of one of his codefendants is decided herewith *(see, People v Parnell,* 184 AD2d 739 [decided herewith]).

The defendant, arrested with his codefendants when the police raided the premises where he was purportedly a mere visitor at the time the police executed a "no-knock" search warrant, seeks review of the suppression court's refusal to suppress the physical evidence seized pursuant to the warrant. The defendant sought to controvert the search warrant on the ground that the supporting affidavit, based upon the information obtained from an undercover officer who made a purchase of narcotics at the targeted premises, did not meet the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v*

*United States,* 393 US 410) with respect to demonstrating the reliability of the informant and the basis of his knowledge. After this argument was rejected, the suppression court granted reargument and entertained a new theory for suppression, namely, that the warrant was void for failure to specify the particular premises to be searched. The court rejected this theory and adhered to the original determination.

On appeal, the defendant asserts that the warrant is void by virtue of a latent ambiguity, that is, that the searched premises, bearing house number 15-21 is, in fact, attached to house number 15-23. He contends that there is some question as to whether the undercover officer saw the seller enter house number 15-21 or 15-23. This claim was not presented to the suppression court. Therefore, it is not properly before this court on appeal *(see, People v Tutt,* 38 NY2d 1011, 1012-1013; *see generally,* CPL 470.05 [2]). In any event, based upon our review of the warrant application and warrant, we are satisfied that the warrant was properly issued and that both the reliability and knowledge requirements of the *Aguilar-Spinelli* test were met *(see, People v Griminger,* 127 AD2d 74, *affd* 71 NY2d 635).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, the claims of a *Rosario* violation and ineffectiveness of trial counsel are raised improperly for the first time in a reply brief submitted by the defendant's counsel on appeal *(see, People v Ford,* 69 NY2d 775, 777; *People v Minota,* 137 AD2d 837, 838). In any case, the defendant's *Rosario* claims are either unpreserved for appellate review or without merit, and the defendant's claim that his trial counsel was ineffective is not supported by the trial record.

We find that the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.