■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY PARNELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 14, 1990, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with multiple counts of possession, inter alia, of controlled substances and narcotics paraphernalia, recovered after a police raid of a suspected crack cocaine distribution site (see, People v Legister, 184 AD2d 734 [decided herewith]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant claims that certain of the prosecutor's remarks on summation constituted reversible error. Only one of these alleged errors was properly preserved for appellate review (see, CPL 470.05 [2]). In any event, none of the prosecutor's comments substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment (see, People v Galloway, 54 NY2d 396).

Upon a review of the court's jury charge, we find that the court's instructions "adequately conveyed to the jury the appropriate standards" of proof (People v Graziano, 151 AD2d 775, 775-776).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.