■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MOLINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 10, 1985, convicting him of rape in the first degree, sodomy in the first degree, and attempted sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Westchester County, to hear and report in accordance herewith, and the appeal is held in abeyance in the interim. The County Court, Westchester County, is to file its report with all convenient speed.

The trial court submitted four counts for the jury's consideration: count one: rape in the first degree; count two: sodomy in the first degree, or, as a lesser included offense, attempted sodomy in the first degree; count three: sodomy in the first degree; and count four: attempted sodomy in the first degree.

After the jury completed deliberations, it returned a verdict, recorded in the stenographic minutes as follows:

"COURT CLERK: [H]ow do you find Pablo Molina as to the first count, rape in the first degree, guilty or not guilty?

"FOREMAN: Guilty.

"COURT CLERK: How do you find to the second count, sodomy in the first degree, guilty or not guilty?

"FOREMAN: Not guilty.

"COURT CLERK: How do you find *as to the alternative, attempted sodomy, the third count, sodomy in the first degree,* guilty or not guilty?

"FOREMAN: Guilty.

"COURT CLERK: How do you find as to the fourth count, attempted sodomy in the first degree, guilty or not guilty?

"FOREMAN: Guilty" (emphasis supplied).

It appears from the stenographic minutes that the Court Clerk confused the alternative charge of count two (attempted sodomy in the first degree) with count three (sodomy in the first degree), and the record is unclear as to whether the jury rendered a verdict as to attempted sodomy in the first degree as an alternative, or to sodomy in the first degree.

The defendant asserts that the jury properly rendered a guilty verdict with respect to attempted sodomy in the first degree, the lesser included offense of count two, but argues that his conviction of sodomy in the first degree (count three) must be vacated inasmuch as the jury did not properly render a verdict on this count. However, while the stenographic minutes are unclear with respect to the jury's verdict regarding counts two and three, both the Clerk's minutes (taken contemporaneously with the stenographer's minutes) and the verdict sheet reflect that the proper counts were submitted to the jury. A hearing is thus necessary to reconcile the inconsistencies between the stenographic minutes, on the one hand, and the Clerk's minutes and verdict sheet on the other hand, and to determine whether the jury properly rendered a verdict as to all counts. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.