■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRECIOUS CAMPBELL, Appellant. [606 NYS2d 730] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 13, 1990, convicting her of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree, unlawful possession of marihuana, criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal sale of a controlled substance in the third degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

In this case, the defendant was charged with, *inter alia,* criminal possession of a controlled substance in the second and third degrees following the execution of a search warrant for the premises that she leased. She was also charged with criminal sale of a controlled substance in the third degree, arising from an alleged sale of cocaine that was made several days before the search warrant was executed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is not legally sufficient to establish the defendant's identity as the seller of the cocaine that was sold prior to the execution of the search warrant. Accordingly, the defendant's conviction of criminal sale of a controlled substance in the third degree is reversed, that count of the indictment is dismissed, and the sentence imposed thereon is vacated.

The defendant seeks to establish on appeal that the search warrant was improperly issued and that the physical evidence seized pursuant thereto should have been suppressed. However, some of the defendant's contentions are raised for the first time on appeal and are, thus, unpreserved for appellate review *(see, People v Tutt,* 38 NY2d 1011, 1012-1013; *see*

*generally,* CPL 470.05 [2]). As to those contentions which are preserved for appellate review and which do not improperly rely upon evidence that was adduced only at trial *(see, People v Hucks,* 175 AD2d 213, 214; *People v Smith,* 158 AD2d 488, 489), we are satisfied that both the reliability and knowledge requirements of the *Aguilar-Spinelli* test were met *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Griminger,* 127 AD2d 74, *affd* 71 NY2d 635; *see also, People v Legister,* 184 AD2d 734) and that the premises to be searched were sufficiently described in the warrant *(see, People v Nieves,* 36 NY2d 396, 401; *cf., People v Rainey,* 14 NY2d 35, 38-39).

Notwithstanding the defendant's contentions to the contrary, we do not find that she was denied a fair trial by virtue of, among other things, prosecutorial misconduct during summation *(see, People v Galloway,* 54 NY2d 396).

Further, we note that the sentence imposed upon the defendant was neither excessive *(see, People v Suitte,* 90 AD2d 80) nor illegal.

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.