■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART HUBER, Appellant. [609 NYS2d 806] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 27, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial establishes that on March 14, 1991, the defendant stole money from Alice Quinn at gunpoint. The defendant contends that the testimony of the defense witnesses was more credible than that of the witnesses for the prosecution. Issues of credibility as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Moreover, the discrepancies complained of between the defendant and the description the complainant gave to the police do not render her testimony infirm. The complainant had an ample opportunity to observe the defendant during the course of the robbery and made an unequivocal in-court identification of the defendant as the robber (see, People v McNeil, 183 AD2d 790; People v Delfino, 150 AD2d 718; see also, People v Bennett, 161 AD2d 773; People v Floyd, 143 AD2d 143, 144). Upon the exercise of our factual review power (CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence.

Contrary to the defendant's contentions, we do not find that he was denied a fair trial by virtue of, among other things, prosecutorial misconduct during summation (see, People v Galloway, 54 NY2d 396; People v Campbell, 200 AD2d 626).

We also find that under the circumstances of this case, the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, People v Rogelio, 79 NY2d 843, 844), harmless (see, People v Crimmins, 36 NY2d 230, 241-242), or without merit. Mangano, P. J., Bracken, Rosenblatt and Copertino, JJ., concur.