■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. COLOMBO, Appellant. [609 NYS2d 629] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 21, 1991, convicting him of assault in the second degree and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence establishes that the defendant caused injury to a police officer while resisting a lawful arrest. The defendant contends that the testimony of the defense witnesses was more credible than that of the witnesses for the prosecution. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Contrary to the defendant's contention, inconsistencies in the officers' trial testimony do not entitle him to a reversal of his conviction (see, People v Brown, 186 AD2d 142; People v McLoyd, 125 AD2d 604). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit (see, CPL 430.10; Penal Law § 70.30 [1]; People v Baessler, 142 AD2d 585). Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.