■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MOLINA, Appellant. [610 NYS2d 589] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 10, 1985, convicting him of rape in the first degree, sodomy in the first degree and attempted sodomy in the first degree (two counts), upon a jury verdict and imposing sentence. By decision and order dated October 19, 1992, this Court remitted the matter to the County Court, Westchester County, to hear and report as to whether the stenographic minutes or the Clerk's minutes and verdict sheet accurately reflect the proceedings in court when the jury rendered its verdict, and held the appeal in abeyance in the interim (see, People v Molina, 186 AD2d 761). The County Court has now complied.

Ordered that the judgment is affirmed.

A reviewing court must give deference to the hearing court's ability to hear and weigh the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Paris,* 138 AD2d 534) and, when there is support in the record, that determination should not be disturbed on appeal *(see, People v Quang Ngoc Phan,* 198 AD2d 309; *People v Garafolo,* 44 AD2d 86, 88). Here, the hearing court heard and credited the testimony of the Trial Judge, the Court Clerk, the prosecutor, and the defense counsel, each of whom believed the stenographic minutes to be in error. Upon the exercise of our factual review power, we are satisfied that the hearing court's determination was not against the weight of the evidence *(see,* CPL 470.15 [5]).

CPL 210.35 (5) provides that:

"A [G]rand [J]ury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when
* * *

"[t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety *to such degree that the integrity thereof is impaired and prejudice to the defendant may result"* (emphasis supplied).

We find no merit in the defendant's argument that the presence of an "extra" Assistant District Attorney seated among the Grand Jurors amounted to the presence of an unauthorized person at the Grand Jury proceedings requiring dismissal of the indictment. The purpose of CPL 190.25 (3) (a) is to ensure the secrecy of the Grand Jury proceedings *(see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.25, at 215-216; *People v Carter,* 77 NY2d 95, 105, *cert denied* 499 US 967). It is the status of being a duly sworn and regularly appointed Assistant District Attorney that confers the authority on the assistant to be present in the Grand Jury room, not the particular assistant's reason or function *(see, People v Carter, supra,* at 106; CPL 1.20 [32]). There is nothing in the record to indicate that there has been a violation of the secrecy of the proceedings or a showing of any prejudice thereby. Thus, the Assistant District Attorney's presence was not a defect in the proceedings and does not satisfy the statute's requirement that there be an "impairment of integrity" of the Grand Jury process in order to invoke the exceptional remedy of dismissal of the indictment *(People v Darby,* 75 NY2d 449, 455; *People v DeFreece,* 183 AD2d 842; *People v Skye,* 167 AD2d 892). Nor has the defen-

dant demonstrated the possibility of prejudice created by the presence of the second Assistant District Attorney by the defendant's speculative and conclusory claim that he felt coerced and nervous causing him to be prejudiced in the eyes of the Grand Jurors, since it would not be unusual for a defendant testifying before a Grand Jury to appear to be tense and nervous. Thus, the defendant has not satisfied the second prong of the test *(see, People v Linares,* 158 AD2d 296; *People v Collins,* 154 AD2d 901, 902).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.