■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JOHNSON, Appellant. [614 NYS2d 442] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered March 23, 1992, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant had ample opportunity to observe the defendant during the course of the robbery and made an unequivocal in-court identification of the defendant as one of the robbers (see, People v McNeil, 183 AD2d 790; People v Delfino, 150 AD2d 718; see also, People v Bennett, 161 AD2d 773; People v Floyd, 143 AD2d 143). In addition to the complainant's identification testimony, evidence was presented that within five minutes of

the robbery the defendant and his accomplice were observed by the police driving the stolen livery cab through two red lights before coming to a halt after colliding with two other vehicles. The defendant was found seated behind the wheel of the cab. Two knives, which were subsequently identified by the complainant as the ones used during the course of the robbery, were found on the floor of the cab, and a wallet which contained an employee identification card belonging to the defendant was recovered from underneath the front seat. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Moreover, the sentence imposed was neither excessive nor unduly harsh *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.