■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS AVILLA, Appellant. [623 NYS2d 280] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 11, 1992, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the complainant's testimony was incredible as a matter of law. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant, on April 19, 1991, assaulted the complainant with a dangerous weapon, i.e., a metal pipe, thereby causing him serious physical injury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Although the complainant's memory was imperfect due to his injuries from the assault, his testimony that it was the defendant who assaulted him was unequivocal and he had ample opportunity to observe the defendant during the course of the assault and made an unequivocal in-court identification of the defendant as one of his assailants (see, People v Huber, 201 AD2d 583, 584; People v McNeil, 183 AD2d 790; People v Delfino, 150 AD2d 718; see also, People v Cook, 203 AD2d 476; People v Colombo, 202 AD2d 685, 686; People v Bennett, 161 AD2d 773). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We disagree with the defendant's claim that the Grand Jury proceedings were tainted by the allegedly perjured testimony of the complainant's companion. There is nothing in the

record to indicate that there had been a knowing use of perjured testimony by the prosecutor *(see, People v DeFreece, 183 AD2d 842, 843; People v Hutson, 157 AD2d 574)*. Since the Grand Jury testimony of the complainant alone was sufficient to establish reasonable cause to believe that the defendant was one of the assailants, even if the companion's testimony before the Grand Jury was false, this situation does not constitute an "impairment of integrity" of the Grand Jury process pursuant to CPL 210.35 (5) and qualify for the exceptional remedy of dismissal of the indictment *(see, People v Darby, 75 NY2d 449; People v DeFreece, supra, at 843; People v Skye, 167 AD2d 892)*.

We have considered the defendant's remaining contention and find it to be unpreserved for appellate review *(see, People v Udzinski, 146 AD2d 245)* and, in any event, without merit *(see, People v Andino, 113 AD2d 944, 946)*. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.