■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE INGRAM, Appellant. [624 NYS2d 457] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered March 1, 1993, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in failing to discharge the jury forewoman for prematurely discussing certain items of evidence with two of her fellow jurors prior to the commencement of deliberations and for failing to respond truthfully to the trial court's questions regarding the incident. We disagree and therefore affirm.

After the People rested, the court granted a recess. When the parties reassembled, and prior to the jury's re-entry, the court was informed that the forewoman and jurors 8 and 9 (hereinafter collectively the jurors) had been overheard discussing the case amongst themselves. The court immediately questioned them individually and denied the defendant's motion to, inter alia, dismiss the forewoman.

The questioning by the court adequately demonstrated that the jurors had not discussed specific trial testimony but only delays related to the processing of evidence in the criminal justice system in general. Additionally, all the jurors denied that they had formed any prior opinion and they indicated that they could refrain from forming an opinion until after the deliberations began. Such responses fail to demonstrate that the jurors were "grossly unqualified" or had engaged in "misconduct of a substantial nature" requiring their discharge under CPL 270.35 (see, People v Matiash, 197 AD2d 794; cf., People v Fox, 172 AD2d 218).

We further reject the defendant's contention that the forewoman's answers were inherently unbelievable or indicated that she was untruthful when contrasted with the responses of jurors 8 and 9. The record reveals that the responses of jurors 8 and 9 were not inconsistent with those of the forewoman.

The defendant's arguments provide no compelling reason to conclude that the trial court improperly denied the defendant's motion to, *inter alia,* discharge the forewoman. That determination was made only after careful deliberation and after the court questioned the jurors. It is entitled to great respect and should not be disturbed absent some compelling reason *(see, People v Buford,* 69 NY2d 290; *see also, People v Colombo,* 202 AD2d 685). Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.