■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PINCKNEY, Appellant. [632 NYS2d 203] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered January 18, 1994, convicting him of rape in the first degree and burglary in the second degree, under Indictment No. 9935/92, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 18, 1994, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the third degree under Kings County Indictment No. 10238/89. The appeal under Indictment No. 9935/92 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the amended judgment are affirmed.

We find no merit to the defendant's contention that the lineup in which he was identified was impermissibly suggestive because he was one of the youngest, shortest, and lightest individuals in the lineup. There is no requirement that a defendant in a lineup be surrounded by people nearly identical to him or her in appearance *(see, People v Brito,* 179 AD2d 666). They need only be reasonably similar to the defendant in appearance *(see, People v Stephens,* 143 AD2d 692, 694). Here, the height and weight disparities were diminished by the fact that the lineup was conducted with the participants sitting behind a table, which hid the participants' bodies from the waist down. Furthermore, the age disparities between the defendant and the fillers were not so apparent as to single out the defendant. As there were no appreciable disparities singling out the defendant, we conclude that the lineup was not suggestive *(see, People v Garcia,* 215 AD2d 584).

The defendant further contends that a juror who overheard a derogatory remark made by one of his witnesses should have been dismissed. We disagree. The court conducted an inquiry of the juror in the presence of the attorneys and the defendant *(see, People v Buford,* 69 NY2d 290) to the satisfaction of both parties and determined that the juror was not grossly unqualified to serve on the jury. The court's assessment is afforded great weight because of its unique position to observe the juror,

and we find no basis to disturb the court's determination *(see, People v Rodriguez,* 71 NY2d 214, 219; *People v Ingram,* 213 AD2d 723; *People v Martin,* 177 AD2d 715, 716). Moreover, the defendant's subsequent request for the court to conduct an inquiry of the other jurors as to whether they, too, heard the remark was untimely made. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.