■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HUTTON, Appellant. [633 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 22, 1993, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred by failing to dismiss the panel of prospective jurors in which one juror said that she recognized the defendant. The defendant further contends that the sidebar conference with this prospective juror outside his presence deprived him of his right to be present (see, CPL 260.20; *People v Sprowal,* 84 NY2d 113, 117; *People v Antommarchi,* 80 NY2d 247), a right which he claims he did not voluntarily waive. We disagree with the defendant's contention that he did not voluntarily waive his right to be present at sidebar conferences during voir dire. The colloquy he had with the court on alternative sidebar procedures evidenced his informed decision to voluntarily waive that right when the court did not adopt his suggestions (see, *People v Moton,* 215 AD2d 781; *People v Underwood,* 201 AD2d 597). Moreover, the trial court made it clear to the defendant that he could attend any sidebar conference if he so chose. Upon inquiry by the court of the prospective juror, who was excused on consent, the court was satisfied that the panel of prospective jurors was not tainted, as the prospective juror did not disclose to her fellow panel members the circumstances from which she recognized the defendant. Absent any evidence to the contrary, we will not disturb the trial court's determination (see, *People v Rodriguez,* 71 NY2d 214, 219; *People v Ingram,* 213 AD2d 723).

The defendant's contention that it was error for the trial court to state to the jury in its charge that there was proof that the defendant possessed the stolen car was not preserved for appellate review (see, CPL 470.05 [2]; *People v Luperena,* 159 AD2d 727, 729). In any event, while this was error, it was harmless in light of the overwhelming proof of the defendant's guilt. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.