OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted for further proceedings in accordance with this memorandum.
The issue on this appeal is whether the trial court abused its discretion as a matter of law in refusing to set aside the jury’s verdict. This court has declined to fashion any concrete test for assessing claims for improper jury influence. “Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered” (People v Brown, 48 NY2d 388, 394; see People v Pickett, 61 NY2d 773; see, also, People v Lombardo, 61 NY2d 97). Such an examination must be performed with caution, of course, for inquiry into the deliberative process for the purpose of impeaching a verdict should not be undertaken except in extraordinary circumstances (see People v Brown, supra, at p 393).
In the instant case, at a postverdict hearing, the court heard conflicting testimony as to what, transpired during deliberations when the jurors discussed a news report that appellant’s codefendant had pleaded guilty to the same charges on the eve of appellant’s trial, and whether this information had a substantial impact on the eventual verdict. In these circumstances, it cannot be said as a matter of law that the Trial Judge abused his discretion in denying defendant’s motion to set aside the verdict or order a new trial.
*1010 Inasmuch as the Appellate Division reached its decision on the law alone, the matter should be remitted to it for its determination of the facts (CPL 470.25, subd 2, par [d]; 470.40, subd 2, par [b]) and the exercise of its discretion (see People v Creech, 60 NY2d 895, 896).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.