■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO COSTELLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 16, 1980, convicting him of murder in the second degree, robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

During defendant's trial for felony murder and related crimes, it was discovered that one of the jurors had brought a copy of a newspaper, the *New York Post,* into the jury room. That newspaper contained an article regarding the sentencing of defendant's alleged accomplice, Luis Torres, who had been separately tried and convicted. The article reported that Torres had been sentenced to an indeterminate term of 25 years to life imprisonment for the same crimes for which defendant was standing trial, which sentence had been imposed by the Judge presiding at defendant's trial. In addition, the article stated: "Torres, an auto mechanic, had testified at his trial that he and a friend had gone to buy auto parts at a store on 86th Street and that he didn't know it was going to be a stickup until his buddy thrust a gun into his hand at the last moment."

Defense counsel stated that Torres' allegations, as set forth in the article, would be in direct contradiction to the testimony of defendant, who would (and, in fact, did) testify that Torres

carried the gun and instigated the robbery and ensuing homicide without his knowledge.

Criminal Term, while noting that it had instructed the jury not to read anything about the case, nevertheless conducted a hearing at which each of the 12 jurors and four alternates was examined individually by the court and by both attorneys. It was determined that three jurors had neither read nor heard about the article or its contents; six jurors had not read the article but had heard about it; and seven jurors had actually read the article. Of those jurors who had read or heard about the article, each stated that he had not formed an opinion about the case as a result of the article and could arrive at an impartial verdict based solely upon the evidence adduced at trial. Each juror was admonished not to discuss the examination with fellow jurors.

At the conclusion of the hearing, defense counsel moved for a mistrial, without objecting to the fitness of any specific juror. Criminal Term denied the motion. We conclude that the denial of defendant's motion was not an abuse of the trial court's discretion, and we therefore affirm the judgment of conviction.

Recognizing that we live in a world of swift and widespread dissemination of information, and that reports of crime are, in particular, often highlighted by the news media, the courts have held that mere exposure to accounts in newspapers pertaining to a defendant and his conduct, without more, is insufficient to rebut the presumption of a juror's impartiality and to warrant disqualification (*Irvin v Dowd,* 366 US 717, 722-723; *People v Genovese,* 10 NY2d 478, 481-482). Thus, where a court determines, after reasonable inquiry, that a juror will cast aside any preconceived notion, impression or opinion as to the guilt or innocence of an accused and render a verdict based solely upon the evidence presented at trial, that juror may be considered impartial and fit for service (*Irvin v Dowd, supra,* p 723; *People v Genovese, supra,* pp 481-482; *People v Ryan,* 93 AD2d 848, 849). The Trial Judge is vested with "broad discretion" in ruling on the issue of juror prejudice (*People v Genovese, supra,* p 482). " 'Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " (*People v Testa,* 61 NY2d 1008, 1009, citing *People v Brown,* 48 NY2d 388, 394).

In this case, Criminal Term, in conjunction with both the prosecutor and defense counsel, conducted a thorough and probing inquiry of each juror (cf. *People v Mordino,* 58 AD2d 197),

and concluded that knowledge of the newspaper article or its contents on the part of some of the jurors would not preclude any juror from laying aside any opinion and rendering an impartial verdict based solely upon the evidence. Under these circumstances, it cannot be said that the trial court abused its discretion by denying defendant's mistrial motion (*People v Testa, supra; People v Genovese, supra*).

We have considered defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.