(May 22, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVILLA, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 17, 1982, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On June 9, 1982, defendant was charged in a one-count indictment with murder in the second degree for allegedly

stabbing a fellow inmate at Elmira Correctional Facility on May 29, 1982. At trial, the People introduced the testimony of another inmate, John Banks, who described the fatal assault and identified defendant as the perpetrator. Banks testified that defendant approached the victim from behind in the recreation area, stabbed him with a "shank" in the left shoulder and then cast the weapon aside. In addition, two correction officers testified that upon apprehension, defendant, who had blood on his person, admitted to them that he had stabbed the victim. At the trial, defendant expressly denied stabbing anyone, but was nevertheless convicted of the lesser included offense of manslaughter in the first degree and sentenced as a second felony offender to a term of 12½ to 25 years' imprisonment. This appeal ensued.

Defendant contends that he was deprived of a fair trial because, during the course of the trial, a prison guard entered the jury room to obtain a cup of coffee. We find this contention to be of little merit. Upon defendant's motion for a mistrial, the guard was placed under oath and confirmed that he had purchased coffee from a machine in the jury room, but stated that he did not speak to anyone. Defense counsel limited his inquiry to the location of the machine. In our view, this scenario fails to give substance to defendant's contention of improper jury influence. While the guard's conduct was ill advised, no showing of juror contact was made and there is little likelihood that this innocuous incident engendered any prejudice (see, People v Testa, 61 NY2d 1008, 1009). Having conducted an appropriate inquiry into the matter, the trial court properly denied the request for a mistrial (see, People v Lombardo, 61 NY2d 97, 103-104; People v Chamberlain, 96 AD2d 959, 960-961).

Defendant's further contentions are without merit. Viewing the evidence outlined above in a light most favorable to the prosecution, as we must (People v Kennedy, 47 NY2d 196, 203), there is overwhelming support for the jury's verdict. Nor was the sentence imposed unduly harsh. The violent, unprovoked nature of the attack, coupled with defendant's history of violence, provides ample justification for imposition of the maximum sentence (see, Penal Law § 70.06 [3] [b]; [4] [b]).

Judgment affirmed. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.