■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J., at trial; Dunkin, J., at sentence), rendered November 7, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant claims the court erred in instructing the jury to evaluate his defense of justification based on what an "ordinary prudent man would have done under the circumstances". However, the inclusion of such an objective element in the justification charge is appropriate (see, People v Goetz, 68 NY2d 96, 111-112, 115), and not erroneous. He also argues that the court erred in refusing to allow him to testify to prior violent acts by the victim unless he had personally observed them. Such prior acts are admissible if known to the defendant at the time of the crime, and it is not necessary that the defendant observed them personally (cf. People v Miller, 39 NY2d 543, 550; People v Rodawald, 177 NY 408, 422-423). However, the evidence offered by the defendant with respect to his claim of self-defense was so tenuous that omission of

testimony as to his knowledge of any of such prior acts was harmless *(People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions, including the claim that the sentence imposed was excessive, and have found them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.