■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CASTILLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 29, 1985, convicting him of robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that the defendant, accompanied by his codefendant Joseph Alberto and two others, held up a social club in Brooklyn. The police interrupted the robbery and arrested the defendant.

During the trial, the court was informed that some of the jurors had been discussing certain aspects of the proceedings in the jury room, including the physical layout of the crime scene, the appearance and behavior of some of the prosecution witnesses, the appearance of the defendant and his codefendant, the various strategies of counsel, the demeanor of the court interpreter, and the meaning of the word "jostling". The court carried out a complete inquiry of each juror and alternate individually, ascertaining the nature of the matters discussed and the extent of those discussions as well as whether the impartiality of any member of the jury had been

compromised thereby. Each juror individually assured the court that he or she had not deliberated on the guilt or innocence of the defendants and would only engage in such deliberations after hearing all of the evidence and summations. At the request of the counsel for the respective defendants, the court again interviewed several members of the jury and then instructed all of the jurors collectively to refrain from discussing anything further. Once again, the jurors individually assured the court that they would follow these instructions. In denying the motions of the defendant and his codefendant for a mistrial, the court found that the jury members had reported every relevant conversation, that their discussions were primarily critical of the prosecution's witnesses and were not prejudicial to the defense, and that each juror could deliberate in an impartial and unbiased fashion at the appropriate time without regard to what had occurred previously. The defendant presently contends that the court erred in denying his motion for a mistrial. We do not agree.

While the conduct of some of the jurors in discussing the case was clearly violative of the court's preliminary instructions to the contrary (see, CPL 270.40), it does not follow that such behavior constitutes per se reversible error. Rather, it is well settled that: "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically. Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (People v Brown, 48 NY2d 388, 394; see, People v Testa, 61 NY2d 1008).

Hence, in the case of People v Costello (104 AD2d 947), we upheld the trial court's determination, made after a thorough inquiry, that the jury in that case could reach an impartial decision despite the fact that one of the jurors had improperly brought a newspaper article regarding the case into the jury room. In doing so, we stated as follows: "where a court determines, after reasonable inquiry, that a juror will cast aside any preconceived notion, impression or opinion as to the guilt or innocence of an accused and render a verdict based solely upon the evidence presented at trial, that juror may be considered impartial and fit for service" (People v Costello, supra, at 948; see, People v Sims, 110 AD2d 214, 225, lv denied 67 NY2d 657).

The record in the instant case demonstrates that the trial

court conducted a painstakingly thorough and searching inquiry of each juror individually, thereby discovering the nature and extent of the misconduct and its effect upon the members of the jury. Only after the court completed this exhaustive investigation and received the repeated assurances of the jurors that they would render an impartial verdict was the defendant's motion for a mistrial denied. Under these circumstances, including the "thorough and probing inquiry of each juror" conducted by the trial court *(People v Costello, supra,* at 948), it cannot be said that the court abused its discretion in denying the motion upon its finding that the impartiality of the jury had not been compromised *(see, People v Testa, supra; cf., People v Pascullo,* 120 AD2d 687).

Moreover, we find the sentence imposed upon the defendant was not excessive under the circumstances presented *(see, People v Suitte,* 90 AD2d 80). Accordingly we decline to substitute our discretion for that of the sentencing court. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.