■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POLLARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz,

J.), rendered October 30, 1986, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The trial court did not err in denying the defendant's motion for a mistrial on the ground that the jury had been prejudiced by outside influences and had improperly conducted premature deliberations. The court's prompt examination of each juror, individually, revealed that of the few who had been aware of spectator comments, none had been prejudiced thereby, and all indicated their continued impartiality *(see, People v Costello,* 104 AD2d 947, 948). Moreover, every instance of premature deliberations does not necessitate a mistrial *(see, People v Castillo,* 144 AD2d 376). Here, it appears that the jurors' discussions were not extensive, but consisted principally of innocuous comment. Following its inquiry and reinstruction, the trial court determined that the jury had reached no conclusions, and would refrain from further consideration until the proper time to begin deliberations. Under these circumstances, we cannot say that the court improvidently exercised its discretion in denying the motion for a mistrial *(People v Costello, supra; cf., People v Marrero,* 83 AD2d 565).

We also find that the trial court properly instructed the jury on the defense of justification. The inclusion of an objective element in such a charge is appropriate and not erroneous *(People v Goetz,* 68 NY2d 96; *People v Norwood,* 133 AD2d 423, 424; *People v Reed,* 123 AD2d 454).

Nevertheless, the defendants' conviction of assault in the first degree cannot stand, as it was not based on legally sufficient evidence. Nor do we find that any lesser charge of assault is supported by this record, inasmuch as there was no testimony that the defendant or his codefendants were responsible for this shooting, and there was at least some evidence that other persons in the vicinity had guns.

We have considered the defendant's remaining contention and find it to be unpreserved and, in any event, without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.