■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIP ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered October 30, 1986, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (three counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the evidence, viewed in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), was legally insufficient to sustain his conviction for assault in the first degree *(see, People v Walker,* 154 AD2d 412; *People v Pollard,* 150 AD2d 397). Accordingly, that conviction is reversed and that count of the indictment is dismissed.

The defendant further contends that the court erred in denying his motion for a mistrial on the ground of juror misconduct. We considered and rejected that issue upon the appeals of his codefendants *(see, People v Walker, supra; People v Pollard, supra).* The defendant has not raised any arguments requiring a different result.

We also reject the defendant's claim that the court erred in denying his motion for a mistrial based on witness David Vaughn's brief mention that he viewed some photographs shown to him by the police and selected one of the perpetrators. This testimony was cut short by defense counsel's objec-

tion and the court took prompt curative action by striking the testimony, instructing the witness not to mention any photographs and instructing the jury to disregard the testimony. Having failed to object to the curative instruction or to request any further instruction, the defendant has not preserved his claim for appellate review *(see,* CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865; *People v Carter,* 137 AD2d 826). In any event, we find no merit to the defendant's contention that the charge was inadequate in that it failed to instruct the jury to disregard an alleged gesture made by the witness toward the defendant as he gave that testimony. Because the court found it unclear whether or to whom Vaughn pointed, it instructed the jury to disregard not only the testimony but "anything that came subsequent with regard to these photographs". This instruction was sufficient to apprise the jury that they were to disregard any gesture that may have been made. Moreover, in light of the overwhelming evidence of the defendant's guilt, any insufficiency in the curative instruction was harmless *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.