■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER OWENS, Appellant.—

The court erred in precluding a defense witness from testifying that he heard the deceased announce, on the day of the shooting, that he planned to kill the defendant. The court incorrectly ruled that because the defendant did not know of the threat, the proffered testimony was inadmissible. The Court of Appeals has held that "the threats of the deceased against the defendant are admissible, whether communicated to the defendant or not. Even if the defendant was not aware of the threat, the threat still is probative of the deceased's state of mind and bears, thus, on whether the deceased was the aggressor" (People v Miller, 39 NY2d 543, 549; Stokes v People, 53 NY 164; People v Dixon, 138 AD2d 929). This principle is to be distinguished from that which precludes the admission of evidence of the victim's general reputation for violence or specific acts of violence unless known to the defendant (see, People v Reynoso, 73 NY2d 816, 818; People v Miller, supra, at 551; People v Mercado, 135 AD2d 661; People v Reed, 123 AD2d 454).

In view of the closeness of the factual questions with respect to the defense of justification in this case, the excluded proof was highly important, and the error cannot be deemed harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]). Thompson, J. P., Eiber and Rosenblatt, JJ., concur.

Brown, J., concurs in the result, with the following memorandum: I agree with the majority's analysis with respect to the trial court's erroneous evidentiary ruling. I write separately, however, in order to address another of the defendant's contentions which, although unpreserved for appellate review should, in my judgment, under the circumstances of this case, be reviewed in the interest of justice.

Before permitting the jury to begin its deliberations, the trial court, without objection by either party, submitted to it a verdict sheet listing the various counts of the indictment and the possible verdicts for each. While this, in and of itself, is permissible *(see,* CPL 310.20; *People v Nimmons,* 72 NY2d 830), the verdict sheet also contained parenthetical references to the factors that distinguished one count from another *(see, People v Nimmons, supra).* In addition, the wording of the verdict sheet indicated to the jury that if it found that the affirmative defense of extreme emotional disturbance had been established, it "must return a verdict of guilty of Manslaughter in the First Degree". Conspicuously absent from the verdict sheet, however, was any reference to the justification defense proffered by the defendant, which was at the heart of the case and which, given the "closeness of the factual questions", may very well otherwise have been successful. Thus, the jury was, on the one hand, given instructions with respect to the elements of the crimes, which instructions impacted favorably upon the prosecution, but it was not similarly reminded that it could find the defendant not guilty if it believed that his actions were justified. Absent reference to the defendant's justification defense, the verdict sheet was unbalanced and, I would argue, highly prejudicial to the defendant *(see, People v Owens,* 69 NY2d 585; *People v Testaverde,* 143 AD2d 208; *People v De Long,* 134 AD2d 199). Although the defendant voiced no objection to the verdict sheet, I believe that reversal in the interest of justice is warranted on this basis alone.