■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR SULLIVAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered November 25, 1987, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), sodomy in the first degree, sodomy in the second degree, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court should have granted his motion for a mistrial when it was discovered that some of the jurors viewed a newspaper article and accompanying photograph reporting the events at trial the previous day. We disagree.

The Court of Appeals has observed that " '[b]ecause juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " *(People v Testa,* 61 NY2d 1008, 1009, citing *People v Brown,* 48 NY2d 388, 394). Thus, "mere exposure to accounts in newspapers pertaining to a defendant and his conduct, without more, is insufficient to rebut the presumption of a juror's impartiality and to warrant disqualification" *(People v Costello,* 104 AD2d 947, 948). The court need not disqualify a juror if "reasonable inquiry" demonstrates that he or she can remain impartial *(People v Costello, supra).*

In the instant case, the court methodically conducted a voir dire of the jurors and each juror expressed unequivocally that the article and photograph would not affect his or her ability to remain impartial. Accordingly, the court did not improvidently exercise its discretion in declining to grant a mistrial *(see, People v Testa, supra; People v Brown,* 136 AD2d 1; *People v Costello, supra).*

We also reject the defendant's argument that the court improperly excluded testimony about his blood type. Because the prosecution made no argument regarding the blood type of the suspect, the evidence regarding the defendant's blood type would have been irrelevant and confusing *(see, People v Brown, supra,* at 16).

In addition, we note that the court properly sentenced the defendant as a persistent felony offender *(see, People v Sailor,* 65 NY2d 224, 235, *cert denied* 474 US 982; *People v Sasso,* 99 AD2d 558; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.