■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SIMON, Also Known as TONY SMITH, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 27, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the trial court did not improvidently exercise its discretion in denying his motion to set aside the verdict pursuant to CPL 330.30 and 330.40 without a hearing concerning certain comments the foreperson of the jury allegedly made to a court officer after the verdict was rendered. Since the defendant's motion to set aside the verdict was "based on little more than speculation as to the possibility of prejudice" *(Snediker v County of Orange,* 58 NY2d 647, 649; *People v Rhodes,* 92 AD2d 744, 745), and the moving papers were supported solely by hearsay allegations *(see, e.g., People v Bellamy,* 158 AD2d 525, 526; *People v Fusillo,* 94 AD2d 802), the motion was properly denied.

The defendant's other contentions are without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered July 19, 1989, convicting him of criminal possession of a weapon in the second degree (two counts), assault in the third degree, reckless endangerment in the second degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We note that the defendant failed to preserve his claim of legal insufficiency for our review. In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. As for the first shooting incident, one witness testified that the

defendant shot him in the neck. As for the second shooting incident, three witnesses testified that the defendant chased them and shot at them. The defendant contends that the prosecution witnesses were unworthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Bracken,, Sullivan and Lawrence, JJ., concur.