■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered February 11, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the verdict in this case a Spanish-speaking juror allegedly stated to defense counsel's student intern that he had told another juror that the court interpreter's translation of Spanish-language testimony was partially inaccurate. The defendant then moved to set aside the jury verdict on the ground of juror misconduct. However, "inquiry into the delib-

erative process for the purpose of impeaching a verdict should not be undertaken except in extraordinary circumstances" *(People v Testa,* 61 NY2d 1008, 1009). There was no suggestion here that the juror's knowledge of Spanish put him into the position of an unsworn witness *(see, People v Brown,* 48 NY2d 388), and the papers in support of the motion failed to indicate prejudice to the defendant *(see, Snediker v County of Orange,* 58 NY2d 647, 649; *see also, People v Simon,* 178 AD2d 447). The court's denial of the motion was not an improvident exercise of discretion *(see, People v Costello,* 104 AD2d 947).

The comments complained of in the prosecutor's summation were both fair comment on the evidence and responded to the defense suggestion that the police knowingly participated in the prosecution of a man arrested by mistake, because they were unwilling to admit their error and because the case had "gone too far" *(see, People v Bartolomeo,* 126 AD2d 375, 390). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.