■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SILVESTRE, Appellant. [596 NYS2d 109] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 8, 1990, convict-

ing him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of controlled substance in the third degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment for each conviction of criminal sale of a controlled substance in the third degree and 5 to 10 years imprisonment for each conviction of criminal possession of a controlled substance in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences on the two convictions of criminal sale of a controlled substance in the third degree to concurrent indeterminate terms of 8½ to 17 years imprisonment; as so modified, the judgment is affirmed.

The trial commenced on May 4, 1990, a Friday. After the court recessed, a juror notified the Court Clerk that he recognized the first witness, an undercover officer, although he had not recognized the officer's name on the list of prospective witnesses. When the trial reconvened the following Monday, the court informed the parties what had occurred and they questioned the juror in chambers. The juror told the court and the attorneys that he knew the officer from church and no longer felt he could hear the case without prejudice. However, he insisted that all he had told his fellow jurors was that he knew the officer from church, and that he had said nothing about the officer's credibility. With the consent of the parties, the court discharged the juror and, in open court, asked the remaining assembled jurors whether, as a result of conversations with the discharged juror, anyone of them felt unable to "listen to the testimony objectively and fairly not only for the defendant * * * but for the People as well". The court instructed any juror with such reservations to raise his or her hand, at which point the matter would be discussed in chambers outside the presence of the other jurors. No juror responded. The defense counsel then moved for a mistrial on the ground that the discharged juror's statements to the other jurors had contaminated the jury. The court denied the motion.

We disagree with the defendant's contention that the court improvidently exercised its discretion in denying the motion for a mistrial. As the Court of Appeals has repeatedly stated, "[b]ecause juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed

before the jury and the likelihood that prejudice would be engendered" *(People v Brown,* 48 NY2d 388, 394; *see also, People v Testa,* 61 NY2d 1008; *People v Sullivan,* 167 AD2d 564). Here, after a thorough and searching inquiry, the court properly determined that the comments made by the discharged juror to the other jurors were not likely to result in substantial prejudice. Therefore, a mistrial was not warranted *(see, People v Castillo,* 144 AD2d 376; *People v Costello,* 104 AD2d 947).

We find that the defendant's sentence was excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Lawrence and Pizzuto, JJ., concur.