■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MORGAN, Appellant. [605 NYS2d 85] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered June 12, 1990, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 5 to 15 years, and 2⅓ to 7 years, respectively, unanimously affirmed. Defendant was not prejudiced by his attorney's failure to make a timely *Mapp* motion in proper form, or by the trial court's discretionary refusal to entertain such a motion on the eve of trial, the evidence adduced at the *Huntley/Wade* hearing having conclusively demonstrated that there was no merit to defendant's claim that he was arrested without probable cause and that the clothing he was wearing when arrested should therefore have been suppressed. At the very least, the officer's face-to-face

encounter with the woman in the car who said defendant had just shot somebody, coupled with defendant's flight, created "reasonable suspicion" *(People v Martinez,* 80 NY2d 444, 447) justifying pursuit and forcible detention for the purpose of transporting defendant to the scene of the crime for identification *(see, People v Allen,* 73 NY2d 378). Defendant's other arguments are also without merit. The "reasonable person" concept used by the court in its instructions on reasonable doubt is contained in the pattern jury instruction (1 CJI[NY] 6.20) and is firmly embedded in the accepted definition of reasonable doubt *(see, e.g., People v Ford,* 66 NY2d 428, 442). The trial court properly replaced a sworn juror after personally speaking with him by telephone and learning that he would be disabled for at least two days and probably a week or two *(People v Ray,* 182 AD2d 387, *lv denied* 79 NY2d 1053). Defendant's claims concerning the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.

[The unpublished decision and order of this Court entered on December 9, 1993, is hereby recalled and vacated.]