■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINCOLN TURNER, Appellant. [620 NYS2d 434] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 26, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the past recollection recorded consisting of one witness's Grand Jury testimony was properly admitted into evidence after testimony established a foundation for its admission *(see, People v Taylor,* 80 NY2d 1, 8; *see also, People v Raja,* 77 AD2d 322). However, the Supreme Court erred in permitting an audiotape of a prior sworn statement by the same witness to be admitted into evidence as a past recollection recorded since the witness could not attest to the accuracy of the statement when it was made *(see, People v Taylor, supra,* at 8). Nevertheless, the error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). In addition to the Grand Jury testimony in which the witness stated that he saw the defendant as he was approaching the victim and that the defendant was in possession of a machine gun immediately prior to the shooting, the witness testified that he had identified the defendant from a lineup as "the man with the gun." Further, there was sufficient other evidence presented by the People that there is no significant probability that the jury would have acquitted the defendant but for the error *(see, People v Crimmins, supra,* at 242).

The fact that juror number eight told a court officer and the other jurors that he thought one of the witnesses had been his student eight years earlier is not misconduct so inherently prejudicial as to require reversal *(see, People v Clark,* 81 NY2d 913, 914). Absent a showing of prejudice to a substantial right,

proof of juror misconduct does not entitle a defendant to a new trial *(see, People v Irizarry,* 83 NY2d 557, 561). In the present case, the court thoroughly questioned juror number eight regarding his communications with the court officer and the other jurors, establishing that the contact was limited and that there had been no discussion of the evidence that was presented at trial. Moreover, the court asked the jurors whether their impartiality would be affected by what juror number eight had told them, and each juror unequivocally stated that he or she could remain impartial *(see, People v Silvestre,* 192 AD2d 563; *see also, People v Sullivan,* 167 AD2d 564). On two separate occasions the court offered to discharge juror number eight, but the defendant declined the court's offers, insisting instead on moving for a mistrial. The court did not improvidently exercise its discretion in declining to grant a mistrial *(see, People v Testa,* 61 NY2d 1008; *People v Silvestre, supra; People v Sullivan, supra).* Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.