◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WAKEFIELD, Appellant. [622 NYS2d 575] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered June 16, 1992, convicting him of rape in the first degree (two counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial *(see, People v Cooper,* 173 AD2d 551). Shortly after the commencement of deliberations, the jury foreman informed the trial court that he had relayed to the rest of the jurors a conversation which he had overheard during lunch, the gist of which was that someone presently on trial at the court had already been convicted of a crime. The trial court questioned each juror separately, and it became apparent that several jurors were under the impression that the defendant was the subject of the rumor. However, after asking whether the rumor would affect the deliberations, the court expressly determined that each juror would be capable of rendering an impartial verdict based solely upon the evidence presented during the trial. Under these circumstances, we find that the defendant was not deprived of a fair trial and that his motion for a mistrial was properly denied *(see, People v Rivera,* 26 NY2d 304, 307-308; *People v Sher,* 24 NY2d 454, 457, *cert denied* 396 US 837; *People v Genovese,* 10 NY2d 478; *People v Cruz,* 160 AD2d 893; *People v Sullivan,* 167 AD2d 564; *People v Lyon,* 134 AD2d 909; *People v Costello,* 104 AD2d 947; *People v Goldfeld,* 60 AD2d 1, 9-10).

The defendant's reliance on *People v Gardella* (55 AD2d 607) is misplaced. In that case, the fact that the jury had learned of the defendant's prior conviction for murder did not come to light until after the verdict had been rendered. Therefore, there could be no inquiry to determine whether the

jurors could reach an impartial verdict based upon the evidence presented.

The defendant's motion pursuant to CPL 330.30 to set aside the verdict, which was presented orally at the time of sentencing, was properly denied by the trial court (see, CPL 330.40 [2]; *People v Williams*, 134 AD2d 304).

The defendant contends in his supplemental *pro se* brief that he was substantially prejudiced by the People's delay in turning over to the defense a notebook of a police officer containing prior statements of the complaining witnesses. As the defendant requested no remedial measures at the trial, the issue is unpreserved for appellate review. In any event, the defendant has not demonstrated that he was substantially prejudiced by the delay in producing the notebook (see, *People v Martinez*, 71 NY2d 937, 940). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.