■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SIMON, Appellant. [638 NYS2d 113] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered February 24, 1994, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that " 'not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically' " *(People v Clark,* 81 NY2d 913, 914). "Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" *(People v Brown,* 48 NY2d 388, 394; *see, People v Testa,* 61 NY2d 1008, 1009).

Upon learning of discussions among the jurors during a trial recess the court, with the approval of defense counsel and the prosecutor, properly "carried out a complete inquiry of each juror and alternate individually, ascertaining the nature of the matters discussed and the extent of those discussions" as well as whether anything each juror heard affected their ability to assess the credibility of witnesses, and whether each juror had formed an opinion as to the defendant's guilt or innocence *(see, People v Castillo,* 144 AD2d 376; *People v Pollard,* 150 AD2d 397, 398). The jurors' responses established that they had not been prejudiced by any discussions, and had not made any premature determination as to the guilt or innocence of the defendant. As the court's assessment "is afforded great weight because of its unique position to observe" the jurors *(People v Pinckney,* 220 AD2d 539; *see, People v Rodriguez,* 71 NY2d 214), its determination that a mistrial was not warranted will not be disturbed.

The defendant's contention that the court's instructions regarding reasonable doubt were incorrect is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Brown,* 167 AD2d 346). In any event, while the court's initial instruction that guilt need not be proven "beyond all reasonable doubt" was error *(see, People v Ginsberg,* 274 App Div 1007), this error was not repeated in the supplemental instruction wherein the court stated that guilt need not be established "beyond all doubt". Because the court's supplemental charge was satisfactory *(see, People v Malloy,* 55 NY2d 296) any prejudice that arose from the initial instruction was obviated *(see, People v Cannon,* 168 AD2d 356). It was also proper for the court to instruct the jury that a reasonable doubt was one upon which a reasonable person "would hesitate to act". This concept is contained in the Pattern Jury Instructions *(see,* 1 CJI[NY] 6.20) and "is firmly embedded in the accepted definition of reasonable doubt" *(People v Morgan,* 199 AD2d 143, 144; *see, People v Alston,* 211 AD2d 498; *People v Quinones,* 123 AD2d 793).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.