■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALIV ALI, Appellant. [659 NYS2d 465] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered November 28, 1994, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of criminal possession of stolen property in the fourth degree, and resentencing him, as a second violent felony offender, to "consecutive sentences [of 8-16 years] on each of the robbery counts but concurrent sentences [of 1½-3 years] on the possession counts to run concurrently with each other. And with the robbery", unanimously modified, as a matter of discretion in the

interest of justice, the resentence is reformulated to read "concurrent terms of 8-16 years on the first robbery count and 1½-3 years on the first possessory count, to run consecutively with concurrent terms of 8-16 years on the second robbery count and 1½-3 years on the second possessory count," and otherwise affirmed.

Defendant was convicted of the armed robbery of two women on the street, at different locations, within moments of each other. His motion to suppress evidence was properly denied. The warrantless search of defendant's briefcase, simultaneously with his lawful arrest in connection with a reported robbery, was permissible because the briefcase in his possession might have contained a weapon readily accessible to him as he struggled with the police (*see, People v Smith*, 59 NY2d 454).

The trial court appropriately exercised its discretion in denying defendant's application for dismissal of the jury panel. Remarks made by the discharged venireperson neither suggested defendant's involvement in another crime nor presented the potential for substantial prejudice to defendant (*see, People v Silvestre*, 192 AD2d 563, *lv denied* 82 NY2d 726).

The trial court initially pronounced that the available sentencing parameters for this violent predicate felon were no less than 6 to 12 years and no more than 12½ to 25 years, and then sentenced defendant to concurrent terms of 8 to 16 years on the two robbery counts, to run consecutively with consecutive terms of 1½-3 years on the two possessory counts (i.e., possession of the fruits of the two robberies at the time of arrest).

One week later, supposedly in accordance with its inherent power to correct its own error, the court resentenced defendant, stating as its reason that on the prior sentencing "I mis-[s]poke and said consecutive rather than concurrent and concurrent when I meant consecutive." (Actually, the court had initially run the sentences on the possessory counts consecutive to each other *and* to the concurrent sentences on the robbery counts, resulting in an aggregate 11 to 22 years.) On resentencing, the trial court compounded the confusion by not realizing the illegality of having initially imposed consecutive sentences for each possessory and corresponding robbery count, even though each tandem had arisen out of its own discrete and encompassing act of robbery (Penal Law § 70.25 [2]). In exercising its right, even unwittingly, to correct such illegality, the court also had the authority to correct a misstatement on the delivery of the initial sentencing (*People v Wright*, 56 NY2d 613).

Our scrutiny of the record yields the conclusion that defendant had a legitimate expectation of the ultimate sentence (*People v Williams*, 87 NY2d 1014)—i.e., an aggregate of 16 to 32 years—and that the correction was made in a timely fashion. We further take the liberty of restating the inartfully worded ultimate sentence in a more precise manner *(see,* decretal paragraph, *supra)*, for the sake of clarity. Our reformulation does not alter the parameters of the resentence imposed. Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Andrias, JJ.