THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER L. LEWIS, Appellant. [668 NYS2d 300] —Judgment unanimously affirmed. Memorandum: During the trial, the foreperson of the jury advised County Court that the jury had not discussed the evidence, but members of the jury were becoming confused by testimony identifying particular persons by alias or nickname. The foreperson requested on the jury's behalf that each person "have one name as a reference instead of two." Defendant moved for a mistrial on the ground that the jury had engaged in premature deliberations, thereby compromising his right to a fair trial by an impartial jury. Later in the trial, defendant made a second mistrial motion after the foreperson expressed concern to the court about the behavior of two courtroom spectators. Defendant contended that the conduct of the spectators had impaired the jury's ability to assess the credibility of witnesses and to render a verdict based solely upon the evidence. The court denied both motions.

"It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Wakefield*, 212 AD2d 649, *lv denied* 85 NY2d 944). In our view, the court properly exercised its discretion in denying defendant's motions. The foreperson's communication expressing the jury's confusion and requesting clarification of names "did not indicate premature deliberations or sifting of facts" (*People v Horney*, 112 AD2d 841, 843, *lv denied* 66 NY2d 615; *see, United States v Thai*, 29 F3d 785, 801-803; *People v Gonzalez*, 155 AD2d 310, *lv denied* 75 NY2d 813). Following the foreperson's second communication, the court questioned the jurors individually and ascertained that the spectators' conduct would not impair their ability to render an impartial verdict based solely on the evidence presented during the trial. We find no

basis to disturb the court's determination (*see, People v Pinck-ney*, 220 AD2d 539, 539-540, *lv denied* 87 NY2d 906).

Defendant's motion to set aside the verdict pursuant to CPL 330.30, made orally at the time of sentencing, was properly denied (*see*, CPL 330.40 [2]; *People v Wakefield, supra*, at 650). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We reject defendant's contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Jefferson County Court, Clary, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.