(February 20, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARVIN DAWSON, Appellant. [754 NYS2d 919] —Rose, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 27, 1996, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Following a jury trial, defendant, an inmate at Elmira Correctional Facility in Chemung County, was convicted of promoting prison contraband in the first degree and sentenced, as a second felony offender, to 3 to 6 years in prison. The sole issue presented on this appeal is whether County Court erred in failing to conduct a more complete inquiry concerning alleged contact between members of the jury and the correction officers assigned to transport defendant to and from the correctional facility.

As defendant sat in a van near the courthouse during the lunch break following closing arguments in his one-day trial, he observed two of the correction officers enter a restaurant where two jurors were eating. Immediately upon his return to

the courthouse, defendant moved for a mistrial, alleging that there may have been inappropriate discussions between the officers and the jurors. Upon inquiry from County Court and defendant himself, both correction officers denied that anything had transpired in the restaurant beyond the brief exchange of pleasantries. Defendant insisted that the court inquire similarly of the jurors, but County Court instead placed the correction officers under oath and reinquired of them. Again, the officers stated that nothing more than an exchange of greetings had taken place. Satisfied, the court denied defendant's motion.

There is no concrete test for assessing allegations of improper jury influence. Rather, " '[b]ecause juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " (*People v Testa*, 61 NY2d 1008, 1009, quoting *People v Brown*, 48 NY2d 388, 394; *see People v Maragh*, 94 NY2d 569, 573-574; *People v Birdsall*, 215 AD2d 878, 881, *lvs denied* 86 NY2d 840, 88 NY2d 933). In addition, a trial judge is afforded wide discretion in determining a claim of improper juror influence (*see People v Genovese*, 10 NY2d 478, 482; *People v Simmons*, 213 AD2d 433, 433, *lv denied* 86 NY2d 741). Thus, while the circumstances of a given case may warrant a comprehensive inquest by the court of the individual jurors involved (*see e.g. People v Martin*, 177 AD2d 715, 716, *lv denied* 79 NY2d 921; *People v Sullivan*, 167 AD2d 564, 565, *lv denied* 77 NY2d 882), where, as here, a defendant's allegation of impropriety is speculative at best and has been pointedly rebutted by the sworn testimony of the correction officers at issue, we cannot say that County Court abused its discretion in failing to conduct further inquiry (*see People v Davilla*, 120 AD2d 860, 861).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.