■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BANGOLA ISLES, Appellant. [758 NYS2d 138] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered October 24, 2000, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause the complainant serious physical injury (*see People v Cobbs,* 174 AD2d 751 [1991]; *People v Tatta,* 177 AD2d 674 [1991]). Moreover, resolutions of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]).

Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Furthermore, any possibly improper motive of the complainant, and any inconsistencies in her testimony, merely created issues of credibility for the trier of fact to determine (*see People v Gantt,* 294 AD2d 446 [2002]; *People v Hayden,* 221 AD2d 367 [1995]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's claim in his supplemental pro se brief, the prosecutor did not become an unsworn witness for the People by his argument regarding the complainant's injuries. His remarks were both fair comment on the evidence and made in direct response to the defendant's claims about the significance of the injuries (*see People v Sanchez,* 185 AD2d 331 [1992]). Accordingly, the trial court properly permitted them.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.