■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. SORRENTINO, Appellant. [785 NYS2d 260]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered February 4, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, the verdict is not against the weight of the evidence insofar as the jury rejected his defense of extreme emotional disturbance (*see People v Campbell*, 275 AD2d 984 [2000], *lv denied* 96 NY2d 732 [2001]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard

the witnesses" (*People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]; *see People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]).

Defendant further contends that County Court erred in refusing to poll the jury to determine whether a juror who had formerly worked for the Food and Drug Administration (FDA) had provided the jury with information concerning the drug approval process. When the court questioned the individual juror at issue, the juror assured the court that he did not discuss his experience with the FDA with the other jurors. Thus, the court properly exercised its discretion in refusing to poll the remaining jurors (*see People v Dawson*, 302 AD2d 744, 745 [2003], *lv denied* 100 NY2d 561 [2003]). The court properly permitted the People's expert witness to testify with respect to his opinion of defendant's mental status based solely on his second examination of defendant (*see People v Cerami*, 33 NY2d 243, 249 [1973], *rearg denied* 34 NY2d 755 [1974]). Also contrary to the contention of defendant, he was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The contentions of defendant in his pro se supplemental brief concerning the venue and alleged prosecutorial misconduct are unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.