■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE WELLS, Appellant. [787 NYS2d 45]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J., at suppression hearing; Charles J. Tejada, J., at jury trial and sentence), rendered October 22, 2001, convicting defendant of murder in the first degree (four counts), attempted murder in the first degree (two counts), murder in the second degree (four counts), attempted murder in the second degree, assault in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the second degree (two counts) and burglary in the second degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). After the prosecution explained its reasons for the three challenges at issue, defense counsel remained silent when the court accepted the reasons as nonpretextual, and there is no indication that the court prevented counsel from making the necessary record. Thus, defendant failed to preserve his current claims for appellate review (*see People v Smocum*, 99 NY2d 418 [2003]; *People v Allen*, 86 NY2d 101, 111 [1995]), and we decline to review them in the interest of justice. Were we to review defendant's claims, we would find that the record supports the court's findings that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. The trial court's determinations in this regard are entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly where the explanations involved matters of demeanor, which the court had the unique opportunity to observe. We also reject defendant's claim that, as to one panelist, the prosecutor did not even meet its step-two burden of coming forward with a race-neutral explanation. The prosecutor's disparaging comparison of the panelist to a named individual, while in poor taste, clearly referred to matters of personality and demeanor, but not race.

The court properly denied defendant's motion to dismiss an entire panel of prospective jurors based on a remark by a discharged venireperson concerning his acquaintance with one of the police witnesses. Any possible prejudice to defendant was obviated by the court's instructions to the panel (*see People v Ali*, 241 AD2d 321 [1997], *lv denied* 90 NY2d 1009 [1997]). Furthermore, this witness's testimony was only one of the many components of the extensive evidence of defendant's guilt, and there is no reasonable possibility that the panelist's brief remark affected the verdict.

The court properly denied defendant's suppression motion. The arresting officer had reasonable suspicion to stop defendant where, seconds after hearing a radio transmission from another officer reporting a man with a gun, and after also hearing gunshots coming from the direction of his fellow officer's location, the arresting officer saw defendant running from that direction and removing articles of clothing (see People v Paul, 240 AD2d 168 [1997], lv denied 90 NY2d 909 [1997]). The fact that defendant was discarding clothing while running was highly incriminating, since it indicated that he was seeking to avoid being identified (see People v Crosby, 91 AD2d 20, 27 [1983], lv denied 59 NY2d 765 [1983]).

Upon our review of certain sealed minutes, we find nothing therein that should be unsealed. The confidential information that was withheld from defendant at trial was not exculpatory, and there was no violation of Brady v Maryland (373 US 83 [1963]).

The record establishes that defendant received effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).

We have considered and rejected defendant's remaining contentions. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Marlow and Catterson, JJ.