■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BROWN, Appellant. [802 NYS2d 694]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered August 20, 2002, convicting him of burglary in the third degree, criminal mischief in the third degree, criminal trespass in the third degree, petit larceny, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by an impartial jury because of a juror's alleged introduction of extraneous information into the jury's deliberations is unpreserved for appellate review. The defendant fully acquiesced in the court's remedial action of individually questioning each member of the jury panel about his or her ability to remain impartial by failing to interpose a further objection, renew his mistrial motion, or otherwise again raise the present contention

that he was deprived of a fair trial (*see People v Heide*, 84 NY2d 943 [1994]; *cf. People v Albert*, 85 NY2d 851 [1995]). In any event, after conducting a probing and thorough examination of each juror regarding the comments, the court determined that none of the jurors had been prejudiced and that the ability of the jurors to be fair and impartial had not been compromised by the conversations they either had or heard (*see People v Simon*, 224 AD2d 458 [1996]; *People v Pollard*, 150 AD2d 397 [1989]; *People v Castillo*, 144 AD2d 376 [1988]). Accordingly, the trial court providently exercised its discretion in denying the defendant's motion for a mistrial (*see People v Simon, supra*; *People v Castillo, supra; People v Pollard, supra* at 398).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.