The People of the State of New York, Respondent, 
against
Joseph Phung, Appellant.



Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Matthew J. Troy, III, J.), rendered February 7, 2014. The judgment convicted defendant, after a nonjury trial, of driving while intoxicated (common law).




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in separate simplified traffic informations, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]). In the course of a nonjury trial, the arresting officer testified that when he had initially encountered defendant at 9:00 a.m. on October 15, 2012, defendant was seated in his vehicle shortly after having been involved in a collision with another vehicle, which collision had resulted in "substantial" damage to both cars. During the subsequent investigation, the officer observed that defendant exhibited bloodshot, glassy eyes, slurred speech, and the odor of an alcoholic beverage. Defendant braced himself on his vehicle to stand up, and was thereafter so unsteady on his feet as to require the officer's assistance to avoid falling. Defendant repeatedly soiled himself by defecation and urination, and admitted having consumed vodka during "the previous night." Based on his social and professional experience, the officer concluded that defendant was intoxicated. The officer further testified that defendant agreed to submit to a blood alcohol test, but that the test was discontinued after defendant, on three occasions, failed to provide a breath sample adequate for testing.
Finding the officer credible, the Justice Court convicted defendant of the charge of common-law driving while intoxicated, noting, in passing, the negative inference that might be derived from defendant's failure "to submit [to] three requests for the breathalyzer" (see Vehicle and Traffic Law § 1192 [f]), and acquitted defendant of the remaining charge. On appeal, defendant argues that the evidence failed to establish his refusal to submit to a chemical test of his blood alcohol content; that in light of the less than overwhelming proof of guilt, the Justice Court's adoption of the inference is reversible error; and that, in any event, the verdict was against the weight of the evidence. 
We agree that the proof failed to establish that defendant was properly warned of the consequences of refusing to be tested (see Vehicle and Traffic Law § 1194 [2] [f]; People v Washington, 23 NY3d 228, 231 [2014]; People v Smith, 18 NY3d 544, 550 [2012]; People v [*2]Williams, 99 AD3d 955, 956 [2012]). Moreover, the officer who administered the test testified that he was not certain whether defendant's repeated failure to provide a breath sample adequate for testing represented an intentional persistent refusal to cooperate with the testing procedures, or whether defendant was simply physically unable to perform the test (cf. Matter of Johnson v Adduci, 198 AD2d 352, 352 [1993]; People v Adler, 145 AD2d 943, 943 [1988]). Nevertheless, in the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), and mindful that where, as here, the trial court's credibility findings are accorded great weight on appeal unless clearly unsupported by the record (People v Reaves, 112 AD3d 746, 747 [2013]; People v Isles, 304 AD2d 590, 591 [2003]), we find the proof of intoxication—which included several indicia of alcoholic beverage consumption and significant diminishment of physical control, in terms both of mechanical coordination and bodily functions—was overwhelming, rendering harmless the Justice Court's erroneous reference to the negative inference provided in Vehicle and Traffic Law § 1192 (f) (Smith, 18 NY3d at 552; People v Lizaldo, 124 AD3d 432, 433 [2015]; Williams, 99 AD3d at 956; People v Green, 174 AD2d 511, 512 [1991]).
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 06, 2016