People v Ruiz (2019 NY Slip Op 02642)





People v Ruiz


2019 NY Slip Op 02642


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8921 4852/13

[*1]The People of the State of New York, Respondent,
v
Jose Ruiz, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered July 11, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of 3½ years, unanimously affirmed.
While an officer's testimony as to the exact amount of cash recovered from a codefendant had been precluded by the court, the court providently exercised its discretion in denying defendant's motion for a mistrial. "The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial" (People v Wakefield, 212 AD2d 649 [2d Dept 1995]). Defendant was not denied his right to a fair trial by a brief reference in the officer's testimony to the amount recovered from the codefendant (see People v O'Garro, 293 AD2d 763 [2d Dept 2002], lv denied 98 NY2d 700 [2002]). The court found that it was not done intentionally or in bad faith. Accordingly, the drastic remedy of a mistrial was not warranted (see People v Garcia, 110 AD3d 500 [1st Dept 2013]). Further, the court sustained defendant's objections and took prompt curative action which sufficed to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]).
Defendant did not preserve his challenges to the prosecutor's opening statement and summation, and we decline to review them in the interest of justice. As an alternative holding, we find that there was nothing in these remarks that was so egregious as to warrant reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found
to be unpreserved (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK